IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HICA EDUCATION LOAN
CORPORATION,

        Plaintiff,

v.

JAMES C. FIDELIBUS,

        Defendant.

CIVIL NO. 14-2704(NLH)(JS)

**MEMORANDUM OPINION &
ORDER**

**APPEARANCES:**

ROBERT THOMAS LIEBER, JR
WELTMAN, WEINBERG & REIS CO., LPA
325 CHESTNUT ST
SUITE 501
PHILADELPHIA, PA 19106
    On behalf of plaintiff

JAMES C. FIDELIBUS
1004 SAINT MARK DRIVE
GLENDORA, NJ 08029
    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, plaintiff, HICA Education Loan Corporation,

commenced this civil action seeking to recover payments under a

promissory note signed by defendant, James C. Fidelibus, on May

2, 1994, pursuant to the United States Health Education

Assistance Loan (HEAL) Program, 42 U.S.C. §§ 292, 294 et seq.

and 42 C.F.R. 60;[1] and

---

[1] The HEAL program is federal program governed by the Code of

The note having been assigned to plaintiff by the Student Loan Marketing Association (SLMA), and therefore plaintiff is the holder of the note; and

Plaintiff alleging that defendant has failed to make payments owed under the terms of the note; and

Defendant having filed his answer to plaintiff's complaint, denying his liability; but

Thereafter, defendant having not participated in the discovery process; and

Plaintiff having moved for summary judgment, arguing that:

(1) There is no dispute that defendant signed the Note;

(2) There is no dispute that defendant defaulted in his agreement to repay the Note;

(3) There is no dispute that plaintiff is the owner and holder of the Note; and

(4) There is no dispute of the amounts that are due and owing under the terms of the Note; and

The Court observing that summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored

---

Federal Regulations, and borrowers under the HEAL program are required to repay the loan in accordance with the agreed upon repayment schedule.  42 C.F.R § 60.8(b)(4) (1992).  Because a default on a HEAL program loan is a violation of the Code of Federal Regulations, the Court has subject matter jurisdiction over HICA's claim under 28 U.S.C. § 1331.

information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a); and

The Court further observing that in circumstances where a nonmoving party fails to oppose the motion, Fed. R. Civ. P. 56(e) provides that the court may, among other relief, consider the facts undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; and

The Court finding that evidence in the record demonstrates that defendant owes to plaintiff unpaid principal on the Note in the amount of $14,363.09, plus accrued, unpaid interest;[2] and

The Court further finding that with defendant not providing any evidence to refute that he has defaulted on his loan and owes plaintiff for unpaid principal and interest, defendant's general denial of liability in his answer is insufficient to

---

[2] The original amount of the loan was $40,867.42.  Plaintiff demonstrates that it is entitled to interest in the amount of $385.02 (calculated through December 17, 2014, which is the date it filed its motion), with interest continuing to accrue after December 17, 2014 to the date of judgment at the rate of $1.03 per day.

3

withstand summary judgment, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986) (explaining that to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party); Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (explaining that a party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements); and

Therefore, the Court finding that plaintiff is entitled to judgment in its favor on its claim that defendant defaulted on the loan and that it is owed unpaid principal and accrued interest;

Accordingly,

IT IS on this ___2nd___ day of ___July___, 2015

ORDERED that plaintiff's motion for summary judgment [15] be, and the same hereby is, GRANTED; and it is further

ORDERED that within 10 days, plaintiff shall provide the Court with a proposed Order of Judgment, which includes the appropriate calculation of interest.


                                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.


4